**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenisha Marshall, | No. CV-25-03262-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| OMCO Solar LLC, | |
| Defendant. | |

On August 12, 2025, *pro se* Plaintiff sued Defendant in Maricopa County Superior Court, asserting employment-related claims arising under both state and federal law. (Doc. 1-1 at 7-10.) Defendant then timely removed this action to federal court based on the existence of federal-question jurisdiction. (Doc. 1.)

On September 5, 2025, following removal, the Court issued a "Notice to Self-Represented Litigant." (Doc. 4.) Among other things, this notice advised Plaintiff that "[i]f you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 5.)

On September 10, 2025, Defendant filed a motion to dismiss. (Doc. 5.) Defendant also provided a certification form stating that "on September 2, 2025 counsel for Defendant called [Plaintiff] regarding all of the bases for dismissal set forth in Defendant's Motion to Dismiss. Plaintiff confirmed on the phone call that she had . . . not received a Notice of Right-to-Sue yet. Counsel for Defendant requested Plaintiff to voluntarily dismiss the

1  Complaint based on the reasons set forth in the Motion to Dismiss.  Plaintiff said that she
2  would not voluntarily dismiss the Complaint."  (Doc. 5-1.)
3         Under LRCiv 7.2(c), 12.1(b), and 56.1(d), Plaintiff's response to the motion to
4  dismiss was due by October 10, 2025.  That deadline has now expired and Plaintiff still has
5  not filed a response.  As Plaintiff was previously advised, the Court may summarily grant
6  Defendant's motion due to her failure to file a response.  *See* LRCiv 7.2(i) ("[I]f the
7  unrepresented party . . . does not serve and file the required answering memoranda, . . .
8  such non-compliance may be deemed a consent to the . . . granting of the motion and the
9  Court may dispose of the motion summarily.").  However, before dismissing on this basis,
10 "the district court is required to weigh several factors: (1) the public's interest in
11 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
12 of prejudice to the defendants; (4) the public policy favoring disposition of cases of their
13 merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53
14 (9th Cir. 1995).  *See also Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008)
15 ("The court also did not abuse its discretion in applying its local rule summarily to grant
16 defendants' motion to dismiss because plaintiffs failed timely to respond.  Local Rule 7.2(i)
17 of the Rules of Practice of the United States District Court for the District of Arizona
18 authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve
19 and file the required answering memorandum.").  The Court has considered the relevant
20 factors and concludes they support dismissal without prejudice under these circumstances,
21 where Plaintiff's non-compliance has thwarted the public's interest in expedited resolution
22 of litigation and interfered with the Court's ability to manage its docket and where
23 Defendant faces a risk of prejudice from further delay.  These considerations outweigh the
24 public policy favoring disposition of cases on their merits, and a without-prejudice
25 dismissal is the only feasible alternative to a with-prejudice dismissal.
26 …
27 …
28 …

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion (Doc. 5) is **summarily granted**.

2. This action is dismissed without prejudice. The Clerk shall enter judgment accordingly and close this case.

Dated this 31st day of October, 2025.

Dominic W. Lanza
United States District Judge